UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>Plaintiff,<br><br>v.<br><br>OLE'S WAFFLE SHOP, et al.,<br><br>Defendants. | Case No.  20-cv-00400-DMR<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 15 |

Plaintiff Richard Sepulveda filed a complaint against Defendants Ole's Waffle Shop, Douglas F. Durein, and Susan C. Durein alleging disability access violations under the Americans with Disabilities Act ("ADA") and state law.  Defendants now move to set aside the Clerk's entry of default.  [Docket No. 15.]  This matter is suitable for disposition without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, the motion is granted.[1]

## I.  BACKGROUND

Plaintiff filed the complaint on January 20, 2020 against Ole's Waffle Shop ("Ole's"), a business in Alameda, California, and the Dureins, the owners of the building in which Ole's operates.  Plaintiff, who is an individual with a disability, alleges he visited Ole's on September 25, 2019, October 29, 2019, and December 7, 2019 and encountered numerous access barriers.

In February 2020, Plaintiff filed proof of service purporting to show substituted service of the summons and complaint on Ole's; his process server states he left copies of the summons and complaint with a "person in charge" at the business, "Allisa King, employee," and mailed copies of the same to the business.  Plaintiff also filed a proof of service which demonstrates personal service of the summons and complaint on Douglas Durein and Susan Durein.  [Docket Nos. 7, 8.]

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  [Docket Nos. 6, 17.]

United States District Court<br>Northern District of California

1    Defendants failed to respond and the clerk entered Defendants' default on May 5, 2020.  [Docket

2    No. 10.]  Plaintiff subsequently moved for default judgment and noticed the motion for a hearing

3    on July 23, 2020.  [Docket No. 11.]  On June 17, 2020, Defendants appeared and filed a timely

4    opposition to the motion along with an ex parte application to set aside the default.  [Docket Nos.

5    14, 15.]  The court issued an order treating the ex parte application as a noticed motion pursuant to

6    Civil Local Rule 7-1 and setting a briefing schedule on the motion.  The court also vacated the

7    hearing on the motion for default judgment, noting that it would be rescheduled if necessary.

8    [Docket No. 18.]

9           In their motion, Defendants contend that Ken Monize, Ole's CEO and manager, received

10    an unsolicited letter from a law firm enclosing a copy of Plaintiff's complaint and offering to

11    represent him in connection with the lawsuit.  [Docket No. 15-1 (Monize Decl., June 17, 2020) ¶

12    8.]  Monize states that he was not aware that a summons had been served on anyone at Ole's.  *Id*.

13    He consulted his attorney Shona Armstrong who advised him that the letter, which was sent with a

14    copy of the complaint and no summons, "appeared to be a scam," so he disregarded further

15    communications he received about it.  *Id*.  Defendant Douglas Durein submitted a declaration in

16    which he states that he and his wife Susan Durein, who live in North Carolina, own the building

17    that houses Ole's.  [Docket No. 15-2 (D. Durein Decl., June 17, 2020) ¶ 1.]  He states that in early

18    2020, he received a copy of Plaintiff's complaint by mail and spoke with Monize about it.  Monize

19    told him "that the complaint appeared to be a scam, so he did not believe any response was

20    necessary."  *Id*. at ¶¶ 5, 8-9.

21           Defendants also submitted a declaration by Shona Armstrong who states that Monize

22    "reported to [her] that he received a copy of the complaint in the mail along with a letter from a

23    firm offering to represent him in defending the case."  According to Armstrong, the reported

24    service "seemed improper and incomplete and did not appear to include any summons."  [Docket

25    No. 15-3 (Armstrong Decl., June 17, 2020) ¶ 7.]  She states that she believes that her law partner

26    checked PACER for the complaint against their client but that they "somehow missed the filing"

27    and she "presumed it was a scam."  *Id*.  Armstrong also states that "[t]he address for service of

28    process for Ole's . . . had not been updated with the secretary of state, and so Ken Monize did not

United States District Court
Northern District of California

2

1    receive service of summons through service on his attorney." *Id*. She has since discovered "that

2    there had been a real filing and service of a summons in January." *Id*. This motion followed.

3    ## II.    LEGAL STANDARD

4        Rule 55(c) of the Federal Rules of Civil Procedure permits the court to "set aside an entry

5    of default for good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause', a court must

6    consider three factors: (1) whether the party seeking to set aside the default engaged in culpable

7    conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening

8    the default judgment would prejudice the other party." *United States v. Signed Personal Check

9    No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*") (internal quotation

10   marks and alterations omitted). The moving party "[bears] the burden of showing that any of

11   these factors favored setting aside the default." *Franchise Holding II, L.L.C. v. Huntington Rests.

12   Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). "[T]his standard . . . is disjunctive, such that a

13   finding that any one of these factors is true is sufficient reason for the district court to refuse to set

14   aside the default." *Mesle*, 615 F.3d at 1091. However, "even if one of the factors goes against the

15   defendant, the Court may still exercise its discretion and grant the motion." *Livingston v. Art.com,

16   Inc.*, No. 13-CV-03748-JSC, 2015 WL 4319851, at *2–3 (N.D. Cal. Apr. 17, 2015), *report and

17   recommendation adopted as modified*, No. 3:13-CV-03748-CRB, 2015 WL 4307808 (N.D. Cal.

18   July 15, 2015) (citing *Brandt v. Am. Bankers Ins. Co*., 653 F.3d 1108, 1112 (9th Cir. 2011)).

19       When performing this analysis, the court must remember that "judgment by default is a

20   drastic step appropriate only in extreme circumstances; a case should, whenever possible, be

21   decided on the merits." *Mesle*, 615 F.3d at 1091 (quotation omitted). Additionally, "any doubt

22   about the cause of default should be resolved in favor of the motion to set aside the default so that

23   the case may be decided on its merits." *Livingston*, 2015 WL 4319851, at *2–3 (citing *O'Connor

24   v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994)).

25   ## III.   DISCUSSION

26       Having considered all the factors, the court finds that they weigh in favor of setting aside the

27   default.

28

### A.  Culpable Conduct

The court will consider a party's conduct culpable if it "has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092 (citations and quotation marks omitted).  In this context, "intentionally" means that the party "must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id*. (citation and quotation marks omitted).  A party is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. (citation and quotation marks omitted).   Where the party is "legally sophisticated," the Ninth Circuit has held that in the context of default, "an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Mesle*, 615 F.3d at 1093; *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 690 (9th Cir. 1988) (defendant was "a lawyer, presumably . . .  well aware of the dangers of ignoring service of process").

Defendants state that they "fumbled the response to plaintiff's complaint" for the following reasons: "confusion about the nature of the service, failure to update the address for service of process on their statement of information, miscommunication with their lawyer, and mistake of their lawyer." Mot. 5.  They have presented evidence that as a result of his attorney's erroneous advice, Defendant Monize believed that no response to the complaint was required because it was a "scam" and that he advised Defendants Douglas and Susan Durein of the same.  On this record, the court concludes that there is no indication that Defendants sought to take advantage of Plaintiff or evade or manipulate the legal process.  Thus they did not fail to respond to the summons and the complaint in bad faith. *See Mesle*, 615 F.3d at 1092.  This factor weighs in favor of setting aside the default.

### B.  Meritorious Defense

The moving party raises a meritorious defense if it "allege[s] sufficient facts that, if true, would constitute a defense: the question whether the factual allegation [i]s true is not to be determined by the court . . . ." *Mesle*, 615 F.3d at 1092 (second brackets in original) (citation and quotation marks omitted).  Although this showing does not impose an "extraordinarily heavy"

United States District Court
Northern District of California

1   burden, *id*. at 1094 (citation and quotation marks omitted), the party may not rely on "mere

2   general denial without facts to support it." *Franchise Holding II*, 375 F.3d at 926 (citation and

3   quotation marks omitted).

4        Defendants argue that they have a meritorious defense based on disputes of fact about

5   whether the alleged access barriers exist at Ole's, whether Plaintiff's claimed damages are

6   justified, and whether Plaintiff ever even visited Ole's on the dates alleged in the complaint.  For

7   example, Monize states that there are cameras monitoring Ole's doorway, and that he has

8   reviewed the video footage for the days Plaintiff claims to have visited Ole's.  However, he "did

9   not see anyone fitting his description or using a walker enter the restaurant."  Monize Decl. ¶ 13.

10  Therefore, he states that he does not believe that Plaintiff entered Ole's on the dates in question.

11  *Id*. at ¶ 14.  In response, Plaintiff "concedes that there is a dispute about the material facts."  Opp'n

12  2 ¶ 7.  Accordingly, this factor weighs in favor of setting aside the default.

13       **C.     Prejudice**

14       In order to establish prejudice, setting aside the default "must result in greater harm than

15  simply delaying resolution of the case."  *Mesle*, 375 F.3d at 1095 (citation and quotation marks

16  omitted).  Plaintiff has not established prejudice; he states that although "the litigation is at the

17  early stage," his counsel "did have to draft a motion for default and then a default judgment

18  motion."  Opp'n 2 ¶ 6.  This is insufficient.  Setting aside the default would not result in Plaintiff

19  incurring additional costs other than the normal costs of prosecuting a lawsuit.

20       In sum, the court concludes that the entry of default should be set aside as to Defendants.

21  **IV.     CONCLUSION**

22  //

23  //

24  //

25  //

26  //

27  //

28  //

5

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For the foregoing reasons, Defendants' motion to set aside default is granted.  Plaintiff's motion for default judgment is accordingly denied as moot.

Defendants submitted a proposed answer and affirmative defenses with their motion. [Docket No. 15-1 at ECF pp. 6-13.]  Defendants are granted leave to file their proposed answer within three days of the date of this order.  A case management conference is set for September 2, 2020 at 1:30 p.m.  A joint CMC statement is due by August 26, 2020.

**IT IS SO ORDERED.**

Dated: July 21, 2020



Donna M. Ryu
United States Magistrate Judge
Judge Donna M. Ryu

6